This was an action instituted by the relator against the defendant, Magness, as a constable for the year 1838, and the other defendants as *Page 169 
the sureties on his bond for that year; and the breach assigned was the failure of the constable to collect a debt placed in his hands for collection. The plaintiff, after proving the constable's receipt, the solvency of the debtor therein mentioned, and also proving that the bond declared on had been signed and sealed, and delivered by the defendants to the clerk of the court, and that the same was produced from the proper files in the clerk's office, exhibited the record of the County Court at January Term, 1838, in which the following entries appear as a part of the transactions of Tuesday of that term:
"Tuesday, January Court, 1838. Seven justices being present. Satisfied of the orderly good conduct of William T., the court granted him a license to retail spirituous liquors at his house for one year, on his paying fees and tax.
"The court drew and elected the following persons to serve as (218) jurors of the original panel of the grand and petit jury at the next spring Superior Court, to-wit, etc.
"The court appointed Gabriel Washburn constable for one year in Capt. John G. Eskridge's company. He gave bond, etc., and he was duly sworn.
"The court appointed Joseph Magness constable for one year in Capt. John Edwards' company. He gave bond to North Carolina in $4,000, with Samuel Magness, Edward Decius, Benjamin Washburn, James McMahon, and Gabriel Washburn for sureties, and he was then duly sworn."
The court was of opinion that it did not appear from the record that seven justices were present when the defendant Magness was appointed a constable and gave bond, nor did it appear that there was a vacancy in the captain's company; and in deference to this opinion the plaintiff submitted to a nonsuit.
The court having refused a motion to set aside the nonsuit, the plaintiff appealed to the Supreme Court.
The general power to elect and appoint constables belongs to the inhabitants of each captain's district, and not to the County Court. But should any person elected constable by the people die, or from any other cause fail to qualify and give bond and security, or should any of the captain's companies fail to hold an election, or if there should be a tie
in the election, then it shall be proper for the County Court, which shall next happen (seven justices being present) to supply the vacancy occasioned by such failure. The County Court (of seven justices) has *Page 170 
power also to determine in all cases of contested elections of constables. Rev. Stat., ch. 24. In this case it was not declared by the court, nor does it appear in fact that the people had failed to elect a constable in (219) Captain Edwards' company, or that any one of the events mentioned in the act of Assembly had occurred which would give the County Court power to fill the vacancy. It was incumbent on the relator to show that some one of the events mentioned in the statute had occurred to enable the County Court to appoint Magness constable for that district; otherwise, the appointment was void as being an excess of power in the County Court. The relator failed in this proof, and the court could not help him by any intendment. Therefore, we think the nonsuit was properly entered. S. v. Briggs, 25 N.C. 357.
PER CURIAM. Affirmed.